UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
RICHARD DI POMPO

                                        Plaintiff,

        - against -

VILLAGE OF BREWSTER POLICE OFFICER M.
MENDELSON, BADGE SHIELD # 22 and
VILLAGE OF BREWSTER

                                        Defendants.
-------------------------------------------------------------x

**ORDER**

No. 21-CV-1340 (CS)

Appearances:

Pamela Gabiger
Poughkeepsie, New York
*Counsel for Plaintiff*

David L. Posner
McCabe & Mack
Poughkeepsie, New York
*Counsel for Defendants*

Seibel, J.

        Before the Court is Defendants' motion to dismiss.  (ECF No. 11.)  In his Amended

Complaint, (ECF No. 10 ("AC")), Plaintiff advances numerous claims arising from a traffic stop

on November 8, 2019.  According to Plaintiff, he had done nothing wrong but was pulled over

and ticketed for going through a stop sign.  (AC ¶¶ 5-6, 23.)  Because the registration tag of the

rental vehicle he was driving showed the registration was expired, he was ticketed for driving an

unregistered vehicle and the vehicle was impounded.  (*Id.* ¶¶ 17, 21, 29, 33-34.)  Plaintiff

thereafter declined a ride from the officer and went on his way.  (*Id.* ¶ 20.)  Based on these

events, Plaintiff claims violations of his rights under the First, Fourth, Fifth, Sixth, Seventh, and

Eighth Amendments to the U.S. Constitution.  (*Id.* ¶¶ 35-42.)  He also seems to bring claims for "hate crime," conspiracy, negligence, and intentional infliction of emotional distress under state law.  (*Id.* ¶¶ 43, 45-48.)[1]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (cleaned up).  While Federal Rule of Civil Procedure 8 "marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Iqbal*, 556 U.S. at 678-79.

In considering whether a complaint states a claim upon which relief can be granted, the court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and then determines whether the remaining well-pleaded factual allegations, accepted as true, "plausibly give rise to an entitlement to relief."  *Id.* at 679. Deciding whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

---

[1] The AC contains other, wildly implausible allegations that are irrelevant to the claims against the named Defendants.  I need not detail them further.

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'"  *Id.* (cleaned up) (quoting Fed. R. Civ. P. 8(a)(2)).

Defendants moved to dismiss all claims.  (ECF Nos. 11-14.)  In opposition Plaintiff addressed only the Fourth Amendment and intentional infliction of emotional distress ("IIED") claims.  (ECF No. 15.)  Accordingly, all the other claims are dismissed as abandoned.  *See Martinez v. City of N.Y.*, No. 11-CV-7461, 2012 WL 6062551, at *1 (S.D.N.Y. Dec. 6, 2012) ("A court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed.") (cleaned up); *Rodriguez v. City of N.Y.*, No. 08-CV-4173, 2012 WL 1059415, at *13 (E.D.N.Y. Mar. 28, 2012) (section 1983 claim deemed abandoned where Plaintiff failed to address Defendants' argument regarding that claim); *Felske v. Hirschmann*, No. 10-CV-8899, 2012 WL 716632, at *3 (S.D.N.Y. Mar. 1, 2012) ("A plaintiff effectively concedes a defendant's arguments by his failure to respond to them."); *Brandon v. City of N.Y.*, 705 F. Supp. 2d 261, 268 (S.D.N.Y. 2010) (claims abandoned where Plaintiff did not raise any arguments opposing Defendants' motion) (collecting cases).

To the extent Plaintiff complains that his Fourth Amendment rights were violated because he was pulled over without reasonable suspicion, the claim survives as to Officer Mendelson.  "[T]raffic stops must satisfy the Fourth Amendment's reasonableness limitation, which requires that an officer making a traffic stop have probable cause or reasonable suspicion that the person stopped has committed a traffic violation or is otherwise engaged in or about to be engaged in criminal activity."  *United States v. Gomez*, 877 F.3d 76, 86 (2d Cir. 2017) (cleaned up).  Plaintiff denies having run the stop sign, so he plausibly asserts the absence of

reasonable suspicion or probable cause.[2]  But the claim fails as to the Village of Brewster because Plaintiffs' complaint does not even attempt to allege the "existence of a municipal policy or custom," which is required "to show that the municipality took some action that caused his injuries beyond merely employing the misbehaving officer."  *JF v. Carmel Cent. Sch. Dist.*, 168 F. Supp. 3d 609, 616 (S.D.N.Y. 2016) (cleaned up).  And Plaintiffs may not "predicate liability on a theory of *respondeat superior*, since that theory is unavailable for federal claims under Section 1983."  *Rodriguez v. City of N.Y.*, 649 F. Supp. 2d 301, 306 (S.D.N.Y. 2009).  Therefore, the claim must be dismissed as to the municipal Defendant.

　　To the extent Plaintiff complains that his Fourth Amendment rights were violated by the issuance of the tickets, that claim is dismissed because "the issuance of a pre-arraignment, non-felony summons requiring a later court appearance, without further restrictions, does not constitute a Fourth Amendment seizure."  *Burg v. Gosselin*, 591 F.3d 95, 98 (2d Cir. 2010). There was no arrest or criminal proceeding.  *See Swartz v. Insogna*, 704 F.3d 105, 112 (2d Cir. 2013).  Plaintiff does not even allege that he has been required to appear in court.  "[T]he requirement that a plaintiff appear in court, post-arraignment, in connection with criminal proceedings, does constitute a Fourth Amendment seizure," but "the issuance of a pre-arraignment, non-felony summons that merely requires a later court appearance does not."

---

[2] It seems to the Court that any damages for this violation, should Plaintiff prove it, would be limited to injury accruing during the period between the stop and the officer's observation of the expired registration – in other words, would be minimal.  *See Lust v. Joyce*, No. 05-CV-613, 2007 WL 3353214, at *2 (N.D.N.Y. Nov. 9, 2007).  Because "the Second Circuit has rejected the application of the fruit of the poisonous tree doctrine to § 1983 actions," *Marshall v. Port Auth. of N.Y. & N.J.*, No. 19-CV-2168, 2020 WL 5633155, at *5 (S.D.N.Y. Sept. 21, 2020) (cleaned up), the violation discovered during the stop is not tainted by the alleged lack of reasonable suspicion justifying the stop, *see Jamison v. Cavada*, No. 17-CV-1764, 2020 WL 3073234, at *2 (S.D.N.Y. June 10, 2020).

*MacPherson v. Town of Southampton*, No. 07-CV-3497, 2013 WL 6058202, at *5 (E.D.N.Y. Nov. 14, 2013); *see Rodriguez v. Village of Sleepy Hollow*, No. 13-CV-8465, 2015 WL 4597446, at *5 (S.D.N.Y. July 29, 2015); *Orakwue v. City of N.Y.*, No. 11-CV-6183, 2013 WL 5407211, at *13 (E.D.N.Y. Sept. 25, 2013), *reconsideration denied*, 2014 WL 1347232, at *1 (E.D.N.Y. Apr. 4, 2014).

The impounding of the rental car does not present a Fourth Amendment issue because Plaintiff concedes that the vehicle did not bear a valid registration, which provided probable cause to impound.  *See Marshall v. City of N.Y.*, No. 12-CV-7128, 2014 WL 1468890, at *3 (S.D.N.Y. Apr. 15, 2014), *motion for relief from judgment denied*, 2015 WL 3395456 (S.D.N.Y. May 20, 2015); *United States v. Ruggiero*, 824 F. Supp. 379, 394 (S.D.N.Y. 1993) (collecting cases), *aff'd sub nom. United States v. Aulicino*, 44 F.3d 1102 (2d Cir. 1995); *People v. Shepley*, 587 N.Y.S.2d 368, 369 (App. Div.1992).

The IIED claim likewise fails.  "Under New York law, a Plaintiff claiming IIED must plead four elements:  (1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress." *Friedman v. Self Help Cmty. Servs., Inc.*, 647 F. App'x 44, 47 (2d Cir. 2016) (summary order) (cleaned up).  The first element sets a high bar to relief, requiring "extreme and outrageous conduct, which so transcends the bounds of decency as to be regarded as atrocious and intolerable in a civilized society." *Turley v. ISG Lackawanna, Inc.*, 774 F.3d 140, 157 (2d Cir. 2014) (cleaned up).  "[C]onduct that causes inconvenience and embarrassment or places a person in an uncomfortable situation for a protracted time is not sufficient" to rise to the level of extreme or outrageous conduct.  *Sesto v. Slaine*, 171 F. Supp. 3d 194, 202 (S.D.N.Y. 2016)

(cleaned up).  Accordingly, the pleading standard is "rigorous, and difficult to satisfy."  *TC v. Valley Cent. Sch. Dist.*, 777 F. Supp. 2d 577, 604 (S.D.N.Y, 2011) (cleaned up).

The conduct alleged here does not come close to meeting New York's requirement for outrageous conduct.  *See Murphy v. City of Rochester*, 986 F. Supp. 2d 257, 271 (W.D.N.Y. 2013).  Further, an IIED claim does not lie where the conduct is covered by another tort, s*ee Pateman v. City of White Plains*, No. 17-CV-6156, 2020 WL 1497054, at *25 (S.D.N.Y. Mar. 25, 2020) (collecting cases), such as malicious prosecution here.  Finally, Plaintiff pleads no facts plausibly suggesting that Defendant Mendelson intended to cause Plaintiff emotional distress.  *See Seltzer v. Clark Assocs. LLC*, No. 20-CV-4685, 2021 WL 396633, at *2 (S.D.N.Y. Feb. 4, 2021); *Hanly v. Powell Goldstein, LLP*, No. 05-CV-5089, 2007 WL 747806, at *6 (S.D.N.Y. Mar. 9, 2007), *aff'd*, 290 F. App'x 435 (2d Cir. 2008).

Leave to amend a complaint should be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "[I]t is within the sound discretion of the district court to grant or deny leave to amend."  *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018) (internal quotation marks omitted). "Leave to amend, though liberally granted, may properly be denied" for "'repeated failure to cure deficiencies by amendments previously allowed'" or "'futility of amendment,'" among other reasons.  *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Plaintiff has already amended once, after having the benefit of a pre-motion letter from Defendants stating the grounds on which they would move to dismiss, (ECF No. 4), as well as the Court's observations during the pre-motion conference, (*see* Minute Entry dated March 23, 2021).  In general, a plaintiff's failure to fix deficiencies in the previous pleading, after being provided notice of them, is alone sufficient ground to deny leave to amend.  *See Nat'l Credit*

6

*Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257-58 (2d Cir. 2018) ("When a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment even if the proposed second amended complaint in fact cures the defects of the first.  Simply put, a busy district court need not allow itself to be imposed upon by the presentation of theories *seriatim*.") (cleaned up); *In re Eaton Vance Mut. Funds Fee Litig.*, 380 F. Supp. 2d 222, 242 (S.D.N.Y. 2005) (denying leave to amend because "the plaintiffs have had two opportunities to cure the defects in their complaints, including a procedure through which the plaintiffs were provided notice of defects in the Consolidated Amended Complaint by the defendants and given a chance to amend their Consolidated Amended Complaint," and "plaintiffs have not submitted a proposed amended complaint that would cure these pleading defects"), *aff'd sub nom. Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007) (*per curiam*) ("[P]laintiffs were not entitled to an advisory opinion from the Court informing them of the deficiencies in the complaint and then an opportunity to cure those deficiencies.") (cleaned up).

Further, Plaintiff has not asked to amend again or otherwise suggested that he is in possession of facts that would cure the deficiencies identified in this opinion.  *See TechnoMarine SA v. Giftports, Inc*., 758 F.3d 493, 505 (2d Cir. 2014) (plaintiff need not be given leave to amend if plaintiff fails to specify how amendment would cure the pleading deficiencies in the complaint); *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result); *Horoshko v. Citibank, N.A.*, 373 F.3d 248, 249-50 (2d Cir. 2004) (*per curiam*) (district court did not abuse its discretion by not granting leave to

amend where there was no indication as to what might have been added to make complaint viable and plaintiffs did not request leave to amend).

For the reasons stated above, all claims are dismissed except the claim against Mendelson for allegedly pulling Plaintiff over without reasonable suspicion.  The parties are to attend a telephonic conference on March 9, 2022 at 11:45 a.m., and to confer in advance on a discovery schedule.  The Clerk of Court is respectfully directed to terminate the pending motion, (ECF No. 11).

**SO ORDERED.**

Dated: February 15, 2022
       White Plains, New York

_____
     CATHY SEIBEL, U.S.D.J.